FILED

NOV 14 2013

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | CR. NO. 1:13cr284-WKW |
| --- | --- | --- |
|  | ) | 18 U.S.C. § 241 |
|  | ) | 42 U.S.C. § 3631 |
| v. | ) | 18 U.S.C. § 844(h)(1) |
|  | ) | 18 U.S.C. § 1512(b)(3) |
|  | ) | 18 U.S.C. § 1001(a) |
|  | ) |  |
| STEVEN JOSHUA DINKLE | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1
(Conspiracy Against Rights)

On or about May 8, 2009, in Dale County, within the Middle District of Alabama, the defendant,

**STEVEN JOSHUA DINKLE,**

willfully conspired with T.W.S. to injure, oppress, threaten, and intimidate African American persons in Alabama in the free exercise and enjoyment of a right secured to these persons by the Constitution and laws of the United States, that is, the right to occupy a dwelling free from intimidation and interference based on race.

It was part of the plan and purpose of the conspiracy that **DINKLE** and T.W.S. would construct a wooden cross, transport the cross to the victims' neighborhood, and burn the cross in the victims' neighborhood, in view of residences, and thereby intimidate and interfere with the enjoyment and occupancy of the victims' homes.

In furtherance of the conspiracy and to accomplish its objectives, the conspirators committed the following acts, among others, on or about May 8, 2009, in Dale County, in the Middle District of Alabama:

1. **DINKLE** encouraged T.W.S. to help him burn a cross in the victims' neighborhood;

2. **DINKLE** constructed a six-foot-tall cross using wood and nails from around **DINKLE'S** residence;

3. **DINKLE** wrapped a towel and pair of jeans around the cross;

4. **DINKLE** and T.W.S. loaded the cross into T.W.S.'s truck;

5. **DINKLE** and T.W.S. drove the cross to an African American neighborhood near Johntown Road in Ozark, Alabama;

6. **DINKLE** dug a hole in the ground and erected the cross at the entrance to the African American neighborhood, in view of several houses; and

7. **DINKLE** set the cross on fire.

All in violation of Title 18, United States Code, Section 241.

## COUNT 2
### (Criminal Interference with the Right to Fair Housing)

On or about May 8, 2009, in Dale County, within the Middle District of Alabama, the defendant,

**STEVEN JOSHUA DINKLE,**

and T.W.S., while aiding and abetting each other, by threat of force attempted to and did willfully intimidate and interfere with African American persons because of these persons' race and color and because these persons were occupying a dwelling. This offense involved the use

and attempted use of fire.

All in violation of Title 42, United States Code, Section 3631, and Title 18, United States Code, Section 2.

## COUNT 3
### (Use of Fire to Commit a Federal Felony)

On or about May 8, 2009, in Dale County, within the Middle District of Alabama, the defendant,

**STEVEN JOSHUA DINKLE,**

and T.W.S., while aiding and abetting each other, willfully used fire to commit a felony prosecutable in a court of the United States, namely, the felony offenses of Conspiracy Against Rights and Criminal Interference with the Right to Fair Housing, as charged in Counts One and Two of this Indictment.

All in violation of Title 18, United States Code, Section 844(h)(1) and Section 2.

## COUNT 4
### (Obstruction of Justice – Misleading Conduct)

On or about May 14, 2009, in Dale County, within the Middle District of Alabama, the defendant,

**STEVEN JOSHUA DINKLE,**

knowingly engaged in misleading conduct toward investigators from the Ozark Police Department and Dale County Sheriff's Office with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer of information relating to the commission or possible commission of a federal offense. Specifically, when the investigators questioned

DINKLE about the cross burning that took place on or about May 8, 2009, **DINKLE** falsely stated that he was not involved in the incident, when, in truth and in fact, **DINKLE** then well knew that he had burned the cross. **DINKLE** also told the investigators that he had resigned his office and withdrawn from the Ku Klux Klan in January 2009, when, in truth and in fact, **DINKLE** then well knew that he had remained the leader of his local Ku Klux Klan group through May 2009.

All in violation of Title 18, United States Code, Section 1512(b)(3).

## COUNT 5
### (Obstruction of Justice – False Statements to a Federal Agent)

On or about April 30, 2012, in Dale County, within the Middle District of Alabama, the defendant,

### STEVEN JOSHUA DINKLE,

in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made materially false statements. Specifically, **DINKLE** told a special agent of the Federal Bureau of Investigation that he was at home with his girlfriend the entire day on the day on which the cross was burned, when, in truth and in fact, **DINKLE** then well knew that he had left home to burn a cross in an African American neighborhood. In addition, **DINKLE** told the special agent that he did not know a person named J.R., when, in truth and in fact, **DINKLE** then well knew J.R., his former superior within the Ku Klux Klan.

All in violation of Title 18, United States Code, Section 1001(a).

A TRUE BILL:

*/s/*
Foreperson

4

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

*Jerusha T. Adams*
Jerusha Adams
Assistant United States Attorney

JOCELYN SAMUELS
ACTING ASSISTANT ATTORNEY GENERAL
Civil Rights Division
U.S. Department of Justice

Chiraag Bains
Trial Attorney