## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 1:13cr284-WKW |
| | ) | |
| STEVEN JOSHUA DINKLE | ) | |

### PLEA AGREEMENT

| | |
|---|---|
| DEFENSE COUNSEL: | CARLY B. WILKINS |
| ASSISTANT U.S. ATTORNEY: | JERUSHA T. ADAMS |
| DOJ TRIAL ATTORNEY: | CHIRAAG BAINS |

### COUNTS AND STATUTES CHARGED BY INDICTMENT:

Count 1      18 U.S.C. § 241
                 Conspiracy Against Rights

Count 2      42 U.S.C. § 3631
                 Criminal Interference with the Right to Fair Housing

Count 3      18 U.S.C. § 844(h)(1)
                 Use of Fire to Commit a Federal Felony

Count 4      18 U.S.C. § 1512(b)(3)
                 Obstruction of Justice – Misleading Conduct

Count 5      18 U.S.C. § 1001(a)
                 Obstruction of Justice – False Statements

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1      18 U.S.C. § 241
                 Conspiracy Against Rights

Count 2      42 U.S.C. § 3631
                 Criminal Interference with the Right to Fair Housing

Count 4      18 U.S.C. § 1512(b)(3)
                 Obstruction of Justice – Misleading Conduct

Count 5        18 U.S.C. § 1001(a)
               Obstruction of Justice – False Statements

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 1        18 U.S.C. § 241
               A term of imprisonment not to exceed 10 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

Count 2        42 U.S.C. § 3631
               A term of imprisonment not to exceed 10 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

Count 4        18 U.S.C. § 1512(b)(3)
               A term of imprisonment not to exceed 20 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

Count 5        18 U.S.C. § 1001(a)
               A term of imprisonment not to exceed 5 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

**ELEMENTS OF THE OFFENSES:**

Count 1: To prove a violation of 18 U.S.C. § 241, the United States must establish the following elements beyond a reasonable doubt:

1. There was a conspiracy or agreement between two or more persons that the defendant knowingly joined, intending to accomplish its purpose;

2. The purpose of the conspiracy or agreement was to injure, oppress, threaten, and intimidate a person in the free exercise and enjoyment of a right protected by the Constitution and laws of the United States, including 42 U.S.C §§ 1981 and 3601, which provide that all citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to hold real and personal property and shall have the right to own, rent, or occupy a dwelling free from threats and intimidation; and

3. The planned interference with the protected rights was willful.

*See Anderson v. United States*, 417 U.S. 211, 222-28 (1974); *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006) (a conspiracy may be inferred from circumstantial evidence that can be reasonably interpreted as participation in the common plan).

Count 2: To prove a felony violation of 42 U.S.C. § 3631, the United States must establish the following elements beyond a reasonable doubt:

1. The defendant used or threatened to use force;

2. The defendant intimidated or interfered with, or attempted to intimidate or interfere with, the victim;

3. The defendant acted on account of the race of the victim and because the victim was occupying a dwelling;

4. The defendant acted willfully; and

5. The offense included the use of fire.

*See Virginia v. Black*, 538 U.S. 343 (2003); *United States v. Milbourn*, 600 F.3d 808, 811-12 (7th Cir. 2010) (holding that jury may consider victims' reaction as proof of defendant's threatening intent); *United States v. Magleby*, 241 F.3d 1306, 1311 (10th Cir. 2001) (evidence that the defendant was aware of historic meaning of a cross burning and evidence that the defendant burned a cross in the victim's yard was sufficient to prove that the defendant intended to interfere with the victim's occupation of the home).

Count 4: To prove a violation of 18 U.S.C. § 1512(b)(3), the United States must establish the following elements beyond a reasonable doubt:

1. The defendant knowingly engaged in misleading conduct toward another person;

2. The defendant had the intent to hinder, delay, or prevent the communication to a law enforcement officer of information relating to the commission or possible commission of a Federal offense; and

3. There was a reasonable likelihood that a relevant communication would have been made to a federal officer.

*See Fowler v. United States*, 131 S. Ct. 2045, 2048 (2011); *United States v. Ronda*, 455 F.3d 1273, 1285 (11th Cir. 2006) (holding that officers' whose misleading conduct of planting guns and lying was directed only at local investigators met the § 1512(b)(3) federal-nexus requirement because the "misleading information was not only 'likely' to be transferred to federal investigators, it in fact was transferred to federal investigators"); *United States v. Veal*, 153 F.3d 1233 (11th Cir. 1998) (holding that the federal-nexus requirement was met where the FBI

3

received the misleading information that the subject officers provided to local investigators).

Count 5: To prove a violation of 18 U.S.C. § 1001(a), the United States must establish the following elements beyond a reasonable doubt:

1. The defendant made a statement;

2. The statement was false;

3. The statement concerned a material matter;

4. The defendant acted willfully, knowing the statement was false; and

5. The statement was made in a matter within the jurisdiction of a department or agency of the United States.

*United States v. House*, 684 F.3d 1173, 1203 (11th Cir. 2012); Eleventh Circuit Criminal Pattern Jury Instruction 36 (2010).

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Chiraag Bains, Trial Attorney of the Civil Rights Division of the Department of Justice, and Jerusha T. Adams, Assistant United States Attorney, attorneys for the United States, and Carly B. Wilkins, attorney for the defendant, with the authorization of the undersigned defendant, entered into discussions with a view towards reaching a resolution of pending charges against the defendant, and a Plea Agreement has been reached by the parties. The terms of the Plea Agreement are set forth in this document. This Plea Agreement is being submitted to the Court pursuant to Rules 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Both the United States and the defendant understand that, in accordance with that Rule, if the Court decides not to follow the terms of the Plea Agreement, the defendant has the right to withdraw his plea of guilty and proceed to trial. The defendant further acknowledges that a breach of this Plea Agreement will not entitle him to withdraw his guilty plea and that his guilty plea will remain in full force and effect, even if he breaches this agreement, unless the United States

4

invalidates the plea.

The specific terms of the Plea Agreement are as follows:

## UNITED STATES' PROVISIONS

1.  The United States agrees that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. If the defendant otherwise qualifies, the United States further agrees to move at sentencing for an additional 1-level decrease based on the defendant's timely notification of his intent to plead guilty. *See* U.S.S.G. § 3E1.1(b).

2.  The United States agrees to dismiss Count 3 of the Indictment, pertaining to the use of fire to commit a federal felony under 18 U.S.C. § 844(h)(1).

3.  The United States reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses charged in the Indictment and the defendant's background.

## DEFENDANT'S PROVISIONS

4.  The defendant agrees to paragraphs 1 through 3 of the United States' provisions.

5.  The defendant agrees to plead guilty to Counts 1, 2, 4, and 5 of the Indictment.

6.  The defendant agrees to accept responsibility for his crimes and not to commit any other federal, state, or local offense while awaiting sentencing. The determination of whether the defendant's conduct is a violation of this provision is at the sole discretion of the United States.

7.  The defendant agrees to waive appeal and collateral attack as detailed in the section labeled "Defendant's Waiver of Appeal and Collateral Attack" below.

8. The defendant agrees to waive the protections of Federal Rule of Evidence 410 as set forth in the section labeled "Defendant's Waiver of Fed. R. Evid. 410" below.

9. The defendant expressly reserves the right to argue for a downward variance at sentencing.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

10. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives the right to appeal the convictions and sentence on any other ground and waives the right to attack the convictions and sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his convictions or sentence.

11. The defendant agrees that even though he is waiving his appeal rights, the United States does not waive its right to appeal the sentence imposed in the instant case. The United States does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the

parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S WAIVER OF FED. R. EVID. 410

12. The defendant expressly and voluntarily waives the protection of Fed. R. Evid. 410. Thus, in the event that he violates the plea agreement or, at any time after signing this agreement, withdraws his offer to plead guilty, any statements he makes in conjunction with, or following, this plea agreement – including the statements contained in the section labeled "Factual Basis", any statements he makes to law enforcement that are not covered by a proffer agreement, any re-arraignment colloquies related to this case, any testimony he gives before a grand jury or another tribunal, and any leads from such statements, testimony or colloquies – shall be admissible for all purposes against him in any and all criminal proceedings. The defendant admits that the allegations in the Indictment are true, and that those allegations, along with the other statements listed above, will be admissible against him for any and all purposes if, for any reason, he fails to plead guilty, or withdraws his guilty plea.

## FACTUAL BASIS

13. The defendant admits the allegations charged in Counts 1, 2, 4, and 5 of the Indictment and understands and agrees that if this matter were to go to trial, the United States would prove beyond a reasonable doubt, through the introduction of competent testimony and admissible tangible exhibits, the following facts to support those allegations:

> **STEVEN JOSHUA DINKLE**, then the Exalted Cyclops (the local leader) of Ozark Klavern (the local chapter in Ozark, Alabama) of the International Keystone Knights of the Ku Klux Klan (KKK), and T.W.S., whom he had recently recruited to become involved in the KKK, convened at Dinkle's home on May 8, 2009. Dinkle was angry that a black city councilman from

7

Auburn, Alabama, had removed Confederate flags from a cemetery a couple of weeks earlier. **DINKLE** referred to the councilman as a "nigger." **DINKLE** suggested to T.W.S. that they burn a cross in retaliation. Using materials from around his home, **DINKLE** constructed a wooden cross about six feet tall and wrapped jeans and a towel around the cross. T.W.S. opened the back door of his truck, and **DINKLE** loaded the cross into T.W.S.'s truck. Around 8:00 p.m., with **DINKLE** providing directions and T.W.S. driving, the two men transported the cross to a predominantly black residential neighborhood in Ozark, Alabama. **DINKLE** unloaded the cross at the entrance to the predominantly black residential neighborhood. There, **DINKLE** dug a hole in the ground. **DINKLE** poured fuel on the cross and set it on fire, in view of several houses. **DINKLE** and T.W.S. then drove away to avoid being detected.

In agreeing to commit these acts, and in actually committing them, **DINKLE** and T.W.S. agreed to injure, oppress, threaten, and intimidate the residents of the predominantly black residential neighborhood in the free exercise and enjoyment of a right protected by federal law, specifically the right that all citizens of the United States shall have the same right, in every state or territory, as is enjoyed by white citizens thereof to hold real and personal property and shall have the right to occupy a dwelling free from threats and intimidation. **DINKLE** and T.W.S. burned the cross at the location they selected because of the race and color of the victims living in that neighborhood and because the victims were occupying dwellings in that area. In burning the cross, **DINKLE** and T.W.S. intended to scare and intimidate the black victims by threatening the use of force

against them. In agreeing to commit these acts, and in actually committing them, **DINKLE** acted willfully.

On May 14, 2009, **DINKLE** was questioned by investigators from the Ozark Police Department and the Dale County Sheriff's Office in Dale County, Alabama. When they asked him about the cross burning that took place on May 8, 2009, **DINKLE** falsely stated that he was not involved in the incident, when, in truth and in fact, he had burned the cross with T.W.S. **DINKLE** also told the investigators that he had resigned his office and withdrawn from the KKK in January 2009—months before the cross burning—when, in truth and in fact, he had remained the Exalted Cyclops of Ozark Klavern. **DINKLE** knowingly engaged in misleading conduct when he made these false statements. He made the false statements about material and important matters to hinder, prevent, and delay information about his guilt from reaching law enforcement officers. These officers shared the information learned in their investigation with the Federal Bureau of Investigation (FBI).

On April 30, 2012, **DINKLE** was interviewed in Dale County by a special agent of the FBI, a federal agency with jurisdiction over racially motivated cross burnings that are intended to intimidate through threat of force. **DINKLE** told the FBI special agent that he was at home with his girlfriend the entire day on which the cross was burned, when, in truth and in fact, **DINKLE** then well knew that he had left home to burn the cross in a black neighborhood. In addition, **DINKLE** told the FBI special agent that he did not know a person named J.R., when, in truth and in fact, **DINKLE** then well knew J.R., who was his superior within the

9

KKK at the time. **DINKLE** made these false statements about material and important matters knowingly and willfully. He did so with the aim of preventing the FBI from developing evidence of his guilt.

The defendant admits that these allegations are true. Both the United States and the defendant agree that this factual basis does not contain all of the relevant information known to the defendant. The parties also agree that this is a sufficient factual basis for the crimes to which the defendant is pleading guilty, but it is not an exhaustive statement by the defendant.

## 18 U.S.C. § 3553(a)

14. The defendant acknowledges that, prior to signing this document and the Addendum, his attorney has reviewed this document and the Addendum with him and advised him that the Court, at sentencing, will consider the factors set forth in 18 USC § 3553(a). The defendant also acknowledges that, prior to signing this document and the Addendum, his attorney explained to him each of those factors, including: (1) the nature and circumstances of the offense and the history characteristics of the defendant, and the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the kinds of sentences available; (6) the need to avoid unwanted sentencing disparities; and, (7) the need to provide restitution to victims.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

15. After conferring with his attorney, and before entering a plea of guilty to Counts 1, 2, 4, and 5, the defendant advises the Court that he understands the following to be true:

   a. The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and

10

cross-examine witnesses against him, the right to call witnesses on his behalf, and the right not to be compelled to incriminate himself. By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

b. In entering a plea of guilty herein, the Court may ask the defendant questions about the offenses to which the plea is entered. Evidence of a plea of guilty later withdrawn, an offer to plead guilty to the crime charged in the Indictment, or statements made in connection with and relevant to a guilty plea are not admissible in any civil or criminal proceedings against the defendant, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

c. The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level, the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered. <u>The offense level or criminal history category calculated by the Probation Officer and determined by the Court may differ from that projected by the defendant's counsel or the United States.</u>

d. At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's Guidelines offense level, criminal history category, and sentence. For that purpose, the Court may consider all acts and omissions attributable to the defendant, as well as the conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, any criminal activity jointly undertaken by the defendant, to the extent that such conduct occurred during the commission of the offense of conviction, in

preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. As proof, the Court may consider any reliable evidence, including hearsay.

  e. In determining the particular sentence to impose, the Court will also consider all of the factors listed in 18 U.S.C. § 3553(a), as discussed above in Paragraph 14.

  f. The maximum penalty allowed by law for Count 1 of the Indictment is 10 years in prison, a $250,000 fine, 3 years on supervised release, a $100 assessment fee, and restitution to any victims of the offense. The maximum penalty allowed by law for Count 2 of the Indictment is 10 years in prison, a $250,000 fine, 3 years on supervised release, a $100 assessment fee, and restitution to any victims of the offense. The maximum penalty allowed by law for Count 4 of the Indictment is 20 years in prison, a $250,000 fine, 3 years on supervised release, and restitution to any victims of the offense. The maximum penalty allowed by law for Count 5 of the Indictment is 5 years in prison, a $250,000 fine, 3 years on supervised release, and restitution to any victims of the offense.

  g. There is no possibility of parole in the federal prison system, and if the defendant is sentenced to a term of imprisonment, the defendant will likely serve all or substantially all of his prison sentence.

  h. If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office. To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, he is representing that it is true and accurate to the best of his information, knowledge, and belief.

i. Pursuant to 18 U.S.C. § 3013, the defendant will be ordered at sentencing to pay an assessment fee of $100.00 on Count 1, $100.00 on Count 2, $100.00 on Count 4, and $100.00 on Count 5, all of which will be due and payable to the Court immediately.

j. This Plea Agreement is the result of prior discussions between the attorneys for the United States and the attorney for the defendant. Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

k. This Plea Agreement and the plea to be entered by the defendant as a result thereof are voluntary and are not the result of any force or threats, or of any promises apart from what has been expressly agreed upon in this Plea Agreement itself.

l. If convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## REPRESENTATIONS OF THE PARTIES

16. The undersigned attorneys for the United States and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

17. The attorney for the defendant further advises the Court: a) that the defendant has been advised of the nature of the charges to which the defendant's guilty plea is offered; b) that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues discussed in this Plea Agreement; c) that the defendant has been advised of the maximum possible penalties provided by law; d) that the defendant has been advised that by entering a plea of guilty, he waives the right to be tried by a jury or by the Court, he waives the

right to confront and cross-examine witnesses against him, and he waives the right not to be compelled to incriminate himself; and e) that the defendant has been advised that if the defendant pleads guilty, there will not be a trial of any kind.

This 28th day of January, 2014.

Respectfully submitted,

FOR THE UNITED STATES ATTORNEY,
GEORGE L. BECK, JR.

Louis V. Franklin, Sr., Chief
Criminal Division

Jerusha T. Adams
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: jerusha.adams@usdoj.gov

FOR THE ACTING ASSISTANT
ATTORNEY GENERAL FOR CIVIL
RIGHTS, JOCELYN SAMUELS

Chiraag Bains
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
601 D Street, NW
Washington, DC 20004
Tel: (202) 514-5259
Fax: (202) 514-8336
Email: chiraag.bains@usdoj.gov

I have read the Plea Agreement, understand the same, and agree that it accurately states both the representations that have been made to me and the conditions of the agreement that has been reached. I am satisfied that my attorney, Carly B. Wilkins, Esq., has represented my interests in this matter competently and effectively. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

_____      2/3/14 _____
STEVEN JOSHUA DINKLE     Date
Defendant

_____      2/3/14 _____
Carly B. Wilkins, Esq.     Date
Attorney for the Defendant